(163 App. Div. 100)

### PEOPLE ex rel. KAHN v. FARLEY, State Excise Com'r.

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

STATES (§ 52*)—REMOVAL OF OFFICERS OR EMPLOYÉS—GROUNDS.

A clerk in the state excise department, who was an honorably discharged soldier, and whose duty it was to examine applications for liquor licenses and if correct pass them by putting his initials thereupon, refused to pass an application made within one year after the revocation of a liquor tax certificate of the same applicant as in violation of law. He was told that the deputy commissioner in charge of the office directed that he approve it, and upon protesting to the deputy commissioner was told to pass it or get out. He thereupon left the office, reported the facts

to the state commissioner, informing him that he awaited his further orders. *Held*, that his removal was not justified on the ground of disrespectful behavior towards a superior, nor on the ground that he was absent from duty without leave.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 43, 57; Dec. Dig. § 52.*]

Certiorari by the People, on relation of Joseph Kahn, against William W. Farley, State Commissioner of Excise, to review his determination in dismissing relator from the public service. Determination annulled, and relator reinstated.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Salisbury & Halter, of Albany, for relator.

A. M. Sperry, of Albany, for respondent.

SMITH, P. J. The relator was a clerk in the excise department in New York City, whose duty was to examine applications for licenses, and if they were correct "to pass them" by putting his initials thereupon. Upon the 4th day of September, 1913, one Edward J. Meyer presented an application for a certificate, to be operative from the 1st day of October of the same year. Upon the 12th day of October of the previous year the said Meyer had a liquor tax certificate which had been revoked by disorderly conditions existing at the premises upon which the liquor was sold, and the law required that no new certificate should be issued until a year had elapsed from the date of such prior revocation. The relator properly, therefore, refused to "pass" the application. Upon the next day the same application was again presented to him and he was told that one McAvoy, the special deputy commissioner, who had charge of the New York office, had directed that he approve of the same. He took the application into the office of the said McAvoy and protested that the certificate was not proper and that he could not properly approve of the same. Upon the testimony of McAvoy himself before the State Commissioner, he was directed to "pass" the application notwithstanding, and was told, "You will do what you are told to do while you are here." The relator swears that he was told by McAvoy to "pass" the application or to get out. The relator thereupon left the office and immediately reported the facts to the State Commissioner of Excise, and informed him that he awaited his further orders. Four days later he wrote another letter, not having received a response to the first, in which he practically repeated what had been first written, and at the end of said letter wrote, "I have been holding myself in readiness for any orders you may deem it advisable to send me." Thereafter a charge was made against the relator for being absent from his office without leave. He was convicted by the respondent here both of absence without leave during the period in question, and also for impertinence to the special deputy commissioner of excise. To review such conviction this proceeding was instituted.

This conviction cannot stand upon either charge. There is no doubt

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that some one in that office should have been removed, but it was not this relator. He has been a clerk in the office for 17 years, is an honorably discharged soldier, and the protection which the law intended to give him cannot be lightly set aside. His act in refusing to "pass" the application was strictly within the law, and the direction of the special deputy commissioner that he should pass it was in clear violation of the special deputy's official duties. The special deputy commissioner swears that all the relator did was to protest against passing the paper. It is difficult to see how for this protest alone he could be charged with disrespectful behavior towards a superior. Nor is any such specification included in the charges upon which he was tried. As to his absenting himself from the office without leave, it cannot matter whether the relator's version of the incident be true or that of the special deputy commissioner. The relator swears that he was told to pass that paper, an illegal act, or get out. The special deputy commissioner swears that he told him, "You will do what you are told to do while you are here." The clear inference from this direction is that he must pass that paper or leave. He properly refused to pass the paper and did leave, and reported the facts at once to the State Commissioner of Excise, and wrote that he awaited his orders. It is difficult to see what else he could have done, and for such acts he is not liable to removal.

The determination of the State Commissioner of Excise, therefore, is annulled, and the relator reinstated as of the date when he was discharged.

Determination annulled, with costs to the relator, and relator reinstated as of the date when he was discharged, with pay from the date of his suspension from the pay roll. All concur.